# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| BRIAN T. BAXTER AND SUSAN T. KINNIRY | : No. 395 EAL 2024 |
| | : |
| | : Petition for Allowance of Appeal |
| | : from the Unpublished Memorandum |
| v. | : Opinion and Order of the |
| | : Commonwealth Court at No. 1305 |
| | : CD 2024 |
| PHILADELPHIA BOARD OF ELECTIONS, REPUBLICAN NATIONAL COMMITTEE, AND REPUBLICAN PARTY OF PENNSYLVANIA | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| PETITION OF: REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF PENNSYLVANIA | : |
| | : |
| | : |
| BRIAN T. BAXTER AND SUSAN T. KINNIRY | : No. 396 EAL 2024 |
| | : |
| | : Petition for Allowance of Appeal |
| | : from the Unpublished Memorandum |
| v. | : Opinion and Order of the |
| | : Commonwealth Court at No. 1309 |
| | : CD 2024 |
| PHILADELPHIA BOARD OF ELECTIONS, REPUBLICAN NATIONAL COMMITTEE, AND REPUBLICAN PARTY OF PENNSYLVANIA | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| PETITION OF: REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF PENNSYLVANIA | : |
| | : |
| | : |

## <u>CONCURRING AND DISSENTING STATEMENT</u>

**JUSTICE DONOHUE**

I agree with the Court's decision to grant allowance of appeal on two of the issues presented by Petitioners and to allow intervention by the Pennsylvania Democratic Party ("PDP"). I disagree with its refusal to grant allowance of appeal on an issue advanced by PDP that, in connection with our review of the constitutionality of the dating requirements contained in Sections 3146.6(a) and 3150.16(a) of the Election Code, the Court reconsider the pronouncement in *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023), that the dating requirements are mandatory. By refusing to address this issue, the Court will be passing on the constitutionality of these statutes even though no agreement ever has been reached on a rationale supporting the holding that the dating requirements were mandatory and enforceable through the disenfranchisement of noncompliant voters. In my view, it is wrong to decide the constitutionality of a statute without first articulating why the Court interpreted the statute in a way that may have rendered it unconstitutional.

*Ball* merely declared that a majority of this Court reached the **conclusion** that the dating requirements are mandatory and enforceable by the voiding any ballot enclosed in an undated outer envelope. That declaration was based on the "cobbl[ing] together" of the various outcomes from the "fragmented' plurality decision, *In re 2020 Canvass*, 241 A.3d 1058 (Pa. 2020). Again, and crucially, no majority of this Court coalesced around a rationale for the conclusion reached in *In re 2020 Canvass.* Three justices determined, based on decades of precedent interpreting the Election Code so as to protect the franchise, that undated ballots could be counted because the failure to comply with a mandatory obligation in the Election Code requires the disqualification of a vote only when the mandatory obligation implicates both a legislative intent and "weighty interests" in the election process, like ballot confidentiality or fraud prevention, and no such interests were implicated by the dating requirements. *In re 2020 Canvass*, 241 at 1073 (Pa. 2020) (OAJC) (Donohue, J.). Three justices engaged the same longstanding "weighty interest"

considerations but reached the opposite conclusion, finding "unquestionable purpose" in the mandatory requirement that electors date the declaration. *Id.* at 1090 (Dougherty, J., Concurring and Dissenting). Only one justice rejected our long-established precedent that the Election Code should be construed in a manner to protect the franchise in favor of a strict textual interpretation. *Id.* at 1079-89 (Wecht, J., Concurring). Thus, while *In re 2020 Canvass* resulted in the **conclusion** that from that point forward, the dating requirements should be enforced through disenfranchisement of the voter, there was no consensus on a rationale supporting that conclusion. *Ball* did nothing more than affirm the *In re 2020 Canvass* conclusion.

The concurring and dissenting justices in *In re 2020 Canvass* found that the dating requirements served to (1) provide proof of when the elector executed the ballot in full; (2) provide a point in time against which to establish the elector's eligibility to cast the ballot; and (3) ensure that the elector completed the ballot within the proper timeframe to prevent the canvassing of "potentially fraudulent back-dated votes." *Id.* at 1090-91 (Dougherty, J., Concurring and Dissenting). *In re 2020 Canvass* was decided in the wake of the first general election conducted with no-excuse mail-in voting. Since that time, the Commonwealth's sixty-seven county boards of election have administered eight more statewide elections. And since that time, the relentless litigation caused by *Ball* has established that the county boards of election do not rely on the dating component of the declaration for any of the purposes identified by the three concurring and dissenting justices in *In re 2020 Canvass*, or for any purpose at all.

The constitutional challenge in this appeal is based on the fact, established through years of litigation, that the dating requirements advance no "weighty interest" and serve no purpose in the election process, and it is this fact that underlies the argument that the dating requirement violates Article I, Section 5 of the Pennsylvania Constitution, the Free

and Equal Elections Clause. In my view, it is incumbent on this Court to provide a majority rationale supporting or rejecting enforcement of the dating requirements before embarking on an analysis of its constitutionality. One way or the other, the voters, the bench and the bar have a right to know the basis for this Court's interpretation of these provisions of the Election Code. Thus, I dissent from the denial of allowance of appeal of the issue advanced by PDP.

Justice McCaffery joins this concurring and dissenting statement.